Hillsborough, }
Nov. 4, 1936. }

A. J. Plourde, *Inc.*, v. Lawrence Motor Co.

474

*Sullivan & Sullivan* (by brief), for the plaintiff.

*Samuel Green* (by brief), for the defendant.

*Per Curiam.* The argument in support of the first exception does not command acceptance. It misconstrues the court's position. Defendant's counsel made an erroneous statement of the law to the jury. The court on objection sustained the claim of error. Defendant's counsel undertook to protest, whereupon the court interrupted him and instructed him to proceed with his argument. The erroneous statement was then withdrawn and the argument resumed.

To say that the words of the court's direction not to discuss the point of law further adopted counsel's position about it, is to ascribe a meaning to them not intended and not understood by the jury to be thus intended. The court, instead of receding from its ruling of error, insisted on maintaining it. The expression used is to be construed in the light of the context of the entire discussion and its outcome. Thus considered, the most reasonable, if not the only reasonable, conclusion is that the jury understood that they were instructed that counsel had committed error in his statement of the law.

Regarding the second exception, the inference that one seeking to cancel a contract does so because of dissatisfaction and because something is wrong, is not in general conjectural. Dissatisfaction is an almost compelled conclusion, and the argument that "something was wrong" was not a claim of the plaintiff's misconduct or breach of contract, but merely that a situation existed which was not right

from the standpoint of business relations and success and which thus caused the dissatisfaction. The argument was legitimate.

How far the denial of the motion to set aside the verdict serves to support these views of the argument, has not been considered. The exception to the denial calls for no attention in other respects.

*Exceptions overruled.*